Submitted December 22, 2021; remanded for resentencing, otherwise affirmed January 26; petition for review dismissed June 2, 2022 (369 Or 785)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK EDWARD GAILEY,
*Defendant-Appellant.*

Washington County Circuit Court
19CN05325; A173628

503 P3d 1290

Ramón A. Pagán, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals from a judgment of contempt for violating a restraining order. On appeal, defendant raises four assignments of error, each challenging a different special condition of probation. The state argues that defendant failed to preserve his arguments for appeal but concedes that the trial court plainly erred in imposing the special condition of probation that requires defendant to submit to searches without limitation. We agree with the state on both points, accept the state's concession, and remand for resentencing.

At sentencing, the state requested that the court impose the "domestic violence package" for defendant's probation. Defendant opposed that request, emphasizing that there was no physical or face-to-face contact in this case— defendant had violated the restraining order by communicating to the protected person through third parties—and that the messages, while inappropriate, were directed at seeing his son. Defendant also requested that the court consider a more appropriate program, such as a high-conflict parenting class, instead of imposing the domestic violence package. The court imposed two years of formal probation with the domestic violence package. In the judgment, the trial court imposed, among others, the four probation conditions that defendant challenges on appeal, which appear in an attachment under the heading "Domestic Violence Probation Conditions."

On appeal, defendant argues that the trial court exceeded its authority in imposing the four challenged conditions of probation.[1] Defendant argues that he preserved the error by objecting to the domestic violence package and, in the alternative, requests that we review his challenges as plain error. We agree with the state that defendant did not preserve for appeal the arguments he raises. Below, defendant's objection to the domestic violence package did

---

[1] Defendant challenges the special probation conditions that require him to attend and successfully complete a domestic violence intervention program, that prohibit him from participating in couples' counseling without written permission of the supervising officer, that require him to "[d]isclose any potential intimate relationships (prior to intimacy) to [his] supervising officer," and that require him to submit to searches of his person, residence, vehicle, and property.

not suggest that he believed that the trial court lacked authority to impose those conditions; rather, defendant argued that, based on his circumstances, it was not necessary to impose those conditions. We decline to address three of the challenged conditions on a plain error basis, because the record would likely have developed differently if defendant had preserved the arguments he now raises. *See State v. Thackaberry*, 194 Or App 511, 517, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005) (declining to take plain error review for same reason).

However, the trial court plainly erred in imposing the special condition that requires defendant to "submit to search of person, residence, vehicle and property including consent to search computer and telephonic devices." The state concedes that that condition requires defendant to submit to those searches without limitation, which is unlawful. We agree with and accept the state's concession. General conditions of probation include the condition that a probationer "[c]onsent to the search of person, vehicle or premises upon the request of a representative of the supervising officer if the supervising officer has reasonable grounds to believe that evidence of a violation will be found." ORS 137.540(1)(i). A court cannot include a special condition of probation that requires a probationer to submit to searches without the "reasonable grounds" limitation that appears in the general conditions. *See, e.g.*, *State v. Nelson*, 310 Or App 219, 483 P3d 1261 (2021) (so concluding). We exercise our discretion to correct the plain error, because the trial court did not have a lawful basis on which to impose the condition and it implicates defendant's fundamental rights.

Remanded for resentencing; otherwise affirmed.